IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| Maurick Jerre O'Neal, | § | |
| TDCJ-CID NO. 1211938, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-3337 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Petitioner Maurick Jerre O'Neal's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment (Docket Entry No. 14).  For reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and O'Neal's Petition for Writ of Habeas Corpus will be denied.

## I.  Background

The facts of O'Neal's crime were summarized as follows by the Court of Appeals for the First District of Texas:

> On May 28, 2003, at approximately 11:45 a.m., O'Neal, along with two other men, entered the home of Thomas Douglas, his wife Letrina Douglas, and their daughter, Kennetta Thomas.

Thomas and Letrina were in their bedroom, with the door closed, when they heard a loud noise. Kennetta, also in her bedroom, heard beating and kicking on the door, and glass cracking on the window beside the door. Kennetta walked outside her bedroom to the hallway and saw two men. The men demanded that Kennetta give them money, told her to "shut up," and demanded that she turn off the alarm. Kennetta walked about fifteen to twenty feet to the front of the home to turn off the alarm and she saw a third man possessing a handgun. Kennetta observed that the man was wearing a red or orange shirt.

Thomas testified that, from his bedroom, he heard a man yell "turn off the alarm or we're going to kill you." Thomas then grabbed his gun and told Letrina to leave their home through the patio door and seek help. After Letrina exited their home, he fired a warning shot into the ceiling and yelled for the intruders to get out of his home. Then, Thomas opened his bedroom door and stepped into the hallway where he saw two armed men. Upon seeing Thomas, they ran. Thomas chased the men outside and down the street.

During Thomas's pursuit of the intruders, a man across the street began firing at him. Thomas fired back five times, and the gunman fired back twice before fleeing the scene. Thomas returned to his home and waited around thirty minutes for the police to arrive. The police informed Thomas and Kennetta that they had apprehended one of the men and wanted Thomas to identify him.

Later that day, Thomas went to the police station and viewed a photographic array. Thomas was unable to identify O'Neal. During the trial, however, Thomas identified O'Neal as the gunman on the street who had fired shots at him. Kennetta also went to the police station and viewed a photo array of six individuals. Both at the police station and during trial, she identified O'Neal as one of the men who broke into her home.[1]

A grand jury indicted O'Neal on the charge of aggravated

robbery with a deadly weapon. On December 18, 2003, a jury in the

---

[1] O'Neal v. State, No. 01-03-01351-CR 2004 (Tex. App. - Houston [1st Dist.] 2004, no pet.) (unpublished), attached to Ex parte O'Neal, WR-64,901-01, p. 45.

179th District Court of Harris County, Texas convicted O'Neal, and the court sentenced him to 38 years in prison and fined him $10,000.[2]  His sentence was enhanced based upon a previous felony conviction for possession of cocaine.[3]

O'Neal appealed his conviction, claiming the photo lineup had been impermissibly suggestive and therefore the testimony of witnesses who identified him should have been excluded in trial.[4] The Court of Appeals for the First District of Texas affirmed his conviction on February 10, 2005.[5] On May 11, 2006, O'Neal applied for Writ of Habeas Corpus from the Texas Court of Criminal Appeals on four grounds not contained in his direct appeal:

1. The trial court abused its discretion by admitting evidence of three prior offenses in violation of Tex. R. Evid. 404(b).

2. The trial court abused its discretion by admitting evidence of four prior offenses in violation of Tex. R. Evid. 403.

3. The trial court committed a fundamental error in giving an Allen Charge to a deadlocked jury without instructing them to remain firm in their individual beliefs.

4. The trial court committed a fundamental error by failing to give the jury an instruction to disregard improper statements made by the prosecutor during closing

---

[2]<u>Ex Parte O'Neal</u> at p. 41.

[3]Reporter's Record, Volume 8, p. 2.

[4]<u>O'Neal v. State</u>, No. 01-03-01351-CR 2004 (Tex. App. - Houston [1st Dist.] 2004, no pet.) (unpublished), attached to <u>Ex parte O'Neal</u>, Appl. No. WR-64,901-01, p. 46.

[5]<u>Id.</u>

-3-

arguments.[6]

On the findings of the trial judge, the Court of Criminal Appeals denied O'Neal's application without written order on July 19, 2006.[7]

O'Neal filed his federal petition for Writ of Habeas Corpus on October 18, 2006, arguing the same four grounds for relief as in his state petition.[8]  O'Neal asks this court to render judgment in his favor[9] or hold an evidentiary hearing on one or more of his claims.[10]

## II.  <u>Standard of Review</u>

### A.  Habeas Corpus

This court cannot grant a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court unless the state court decision:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[6]<u>Ex parte O'Neal</u>, Appl. No. WR-64,904-1, pp. 7-8.

[7]<u>Id.</u> at cover.

[8]Petition for Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

[9]Memorandum in Support of the Petition for Writ of Habeas Corpus by Maurick J. O'Neal, Docket Entry No. 2, pp. 4, 6, 8, 10.

[10]Response to Motion for Summary Judgment, Docket Entry No. 15, p. 1.

-4-

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of fact under subsection (d)(2). Martin v. Cain, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000). A decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. The court "cannot reverse the denial of habeas relief simply by concluding that the state court decision applied clearly established federal law *erroneously*." Martin, 246 F.3d at 476 (citing Williams, 120 S. Ct. at 1521) (emphasis in original). "Determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.   Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 106 S. Ct. at 2553.  In response to such a showing the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.  Id.

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all

disputed facts must be construed in the light most favorable to the nonmoving party.  Id.  Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct."  Id.

### III.  Analysis

#### A.  Procedural Bar

Respondent argues that federal review of O'Neal's habeas claim is procedurally barred because the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default.[11]  The Texas Court of Criminal Appeals denied O'Neal's application for writ of habeas corpus because:

> 1.  [O'Neal] should have presented these claims on direct appeal yet did not do so; therefore, [O'Neal] is procedurally defaulted from presenting this claim in the instant habeas petition.  Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998); and
>
> 2.  [O'Neal] fails to prove that the jury charge error "so infected the procedure that [O'Neal] was denied a fair and impartial trial."  Ex parte Maldonado, 688 S.W.2d 114, 116 (Tex. Crim. App. 1984).[12]

Where the state court has denied relief on the basis of an independent and adequate state procedural rule, a prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice as a result of the alleged violation

---

[11]Respondent Quarterman's Motion for Summary Judgment with Brief Support, Docket Entry No. 14, p. 5.

[12]Ex parte O'Neal, Appl. No. WR-64,904-01, p. 31.

of federal law, or demonstrate that failure to consider the claim
will result in a fundamental miscarriage of justice. Coleman v.
Thompson, 111 S. Ct. 2546, 2565 (1991); Evans v. Cockrell, 285 F.3d
370, 375 (5th Cir. 2002). The Fifth Circuit has recognized that
application of the Gardner rule creates a bar to federal habeas
review. Brewer v. Quarterman, 466 F.3d 344, 347 (5th Cir. 2006);
Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004); Soria v.
Johnson, 207 F.3d 232, 249 (5th Cir. 2000).

O'Neal alleges that the cause of his default was his appellate
attorney's refusal to allow him "to participate in the process of
submitting grounds of error" on direct appeal.[13] However, the mere
fact that counsel failed to recognize the factual or legal basis
for a claim, or failed to raise the claim despite recognizing it
does not constitute cause for a procedural default. Murray v.
Carrier, 106 S. Ct. 2639, 2644 (1986), (citing Engle v. Isaac, 102
S. Ct. 1558 1575 (1982)). "Cause" usually means some objective
factor external to the defense which prevented compliance with the
state procedural rule, Murray, 106 S. Ct. at 2645, or a showing of
ineffective assistance of counsel in failing to preserve the issue
at trial or on direct appeal. Id. at 2647. O'Neal does not argue
that his attorney was ineffective, but rather that the two
disagreed on appeal strategy. O'Neal has therefore failed to show

---

[13]Response to Motion for Summary Judgment, Docket Entry No.
15, p. 7.

-8-

cause for his procedural default.

Nor has O'Neal shown prejudice as a result of an alleged violation of federal law.  To show prejudice, a petitioner must show that errors in his trial "worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional dimensions."  <u>United States v. Frady</u>, 102 S. Ct. 1584, 1596 (1982).  O'Neal alleges no violations of federal law in his first and second claims.[14]

In his third claim O'Neal alleges that the trial court erred by giving an Allen charge to the jury that claimed to be "hopelessly dead-locked"[15], without advising jurors to remain firm in their individual beliefs.[16]  The trial judge instructed the jury to "please continue deliberating."[17]  This instruction did not contain "the most troublesome feature of the Allen charge - the exhortation to the minority to reexamine its views in light of the majority's arguments."  <u>United States v. Cheramie</u>, 520 F.2d 325,

_____

[14]It does not appear from the trial transcript that the jury ever heard the evidence of his prior convictions, which are the bases of his first two claims, during the guilt phase of his trial.

[15]<u>State v. O'Neal</u>, No. 963213 (179th Dist. Ct., Harris County, Tex., December 18, 2003), attached to <u>Ex parte O'Neal</u>, WR-64,901-01, Clerk's Record, Volume 1, p. 58.

[16]Memorandum in Support of the Petition for Writ of Habeas Corpus by Maurick J. O'Neal, Docket Entry No. 2, p. 6.

[17]<u>State v. O'Neal</u>, No. 963213 (179th Dist. Ct., Harris County, Tex., December 18, 2003), attached to <u>Ex parte O'Neal</u>, WR-64,901-01, Clerk's Record, Volume 1, p. 58.

330-31 (5th Cir. 1975).  Nor did it "threaten the jury, set a deadline, or coerce them to set aside their scruples and arrive at a verdict."  <u>United States v. Anderton</u>, 679 F.2d 1199, 1203-04 (5th Cir. 1982).  The court therefore concludes that O'Neal has not made a showing of prejudice with regard to his third complaint.

Nor has O'Neal shown that he was prejudiced by his fourth claim.  O'Neal complains that the trial court failed to instruct the jury to disregard what he alleges were improper statements made by the prosecutor during closing arguments.[18]  O'Neal first complains of the following statement, which was followed by an objection by defense counsel that was sustained by the judge:

> Prosecutor:     That man right there violated their home, violated their castle, violated them, stuck guns in their face, threatened to kill them, and tried to steal their belongings.  And for that he needs to be held accountable for his actions.
>
> Court:          Two minutes please.
>
> Prosecutor:     For that you need to find him guilty.  For that you need to protect the other people of Harris County that people like him . . .[19]

"A prosecutor's assertion of what he believes the evidence will show and has shown is not error."  <u>Ortega v. McCotter</u>, 808 F.2d 406, 410 (5th Cir. 1987).  While a prosecutor may not distract the jury's attention from applying the law by making an appeal to passion or

---

[18]Memorandum in Support of the Petition for Writ of Habeas Corpus, Docket Entry No. 2, p. 8.

[19]Reporter's Record, Volume 6, p. 18.

-10-

prejudice, "[u]nless calculated to inflame, an appeal to the jury to act as the conscience of the community is not impermissible." United States v. Brown, 887 F.2d 537, 542 (5th Cir. 1989) (quoting United States v. Lewis, 547 F.2d 1030, 1037 (8th Cir. 1976)).  The court concludes the prosecutor's statement did not prejudice O'Neal. Cf. Brown, 887 F.2d at 542 (holding that prosecutor's statement that "[d]rugs are a terrible thing and they are ruining the society . . . [a]nd it's up to you to do something about it and that is returning a verdict of guilty on these charges," did not rise to the level of being an improper law and order appeal.)

O'Neal next complains of the following statement by the prosecutor:

| | |
|---|---|
| Prosecutor: | Another thing to direct you away from what this guy did.  Then we get along with Jesse's story.[20] [The defense] says, well, we didn't hear from Jesse.  Well, you know what, she's got subpoena power to [sic]. |
| Defense: | Your Honor, I object.  It's not my burden of proof. |
| The Court: | Sustained.  Continue, please. |
| Prosecutor: | Even though it's not her burden of proof if she |

_____

[20]At the time of the trial, Jesse O'Neal was a codefendant. Reporter's Record, Volume 5, p. 8.  He was arrested shortly after the robbery and signed a confession in which he implicated Maurick O'Neal.  The defense argued in trial that Jesse O'Neal was intoxicated at the time of his confession, and implied that a personal history between the two men undermined his credibility. Reporter's Record, Volume 4, p. 10.  Jesse and Maurick O'Neal are cousins.

-11-

wanted to hear from Jesse she could have.[21]

The court went on to instruct the jury that both sides had the same subpoena power, and the prosecution had the burden of proof.[22] The prosecutor's comments were made in response to the defense's argument that, despite hearing that Jesse O'Neal had named Maurick O'Neal in his confession,[23] the jury did not know anything about Jesse O'Neal or his motives because the prosecution did not call him as a witness.[24]  In this context, the effect of the argument on the trial as a whole was not prejudicial.  See Darden v. Wainwright, 106 S. Ct. 2464, 2472 (1986).  The court therefore concludes that O'Neal has not made a showing of prejudice with regard to his fourth complaint.

"The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him."  Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  O'Neal does not claim actual innocence, and thus is not eligible for consideration for a

---

[21]Reporter's Record, Volume 6, p. 14.

[22]Id.

[23]Reporter's Record, Volume 4, p. 36.

[24]Reporter's Record, Volume 6, p. 5.

-12-

miscarriage of justice exception to procedural default.[25]

Finally, O'Neal requests an evidentiary hearing to resolve factual disputes.[26]   Under the AEDPA, a federal court shall not hold an evidentiary hearing unless the applicant shows that:

> (A)   The claim relies on:
>
>> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  O'Neal points to no relevant issues of fact for the court to resolve.  An evidentiary hearing is therefore not appropriate.

For the above reasons, the court concludes that O'Neal is not entitled to federal habeas relief because his claims are procedurally barred.

---

[25] O'Neal also makes the following statement in his response to Quarterman's motion for summary judgment: "O'Neal does not directly or indirectly challenge his state court conviction or sentence - but only 'plain' trial error and the Constitutionality of the state court trial proceedings.  Response to Motion for Summary Judgment, Docket Entry No. 15, p. 2, n.1.

[26] Response to Motion for Summary Judgment, Docket Entry No. 15, pp. 1-2.

## B.   Certificate of Appealability

The court may rule on a Certificate of Appealability (COA) <u>sua sponte</u>. See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  Under the AEDPA, a petitioner can appeal a district court's dismissal of a habeas petition only if either a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A court can issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  A COA should be issued only if the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1032 (2003).  Thus, a petitioner seeking a COA must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).  This analysis does not consider all the underlying and factual bases of the petitioner's claims.  <u>Miller-El</u>, 123 S. Ct. at 1039.  Instead, the court weighing a request for a COA conducts only a limited, "threshold inquiry into the underlying merit of the [petitioner's] claims."  <u>Id.</u> at 1032.  For the reasons stated in this Memorandum Opinion and Order, O'Neal has not made a substantial showing of the denial of a constitutional right.  The court therefore denies a Certificate of Appealability <u>sua sponte</u>.

## IV.  Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**, and O'Neal's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

SIGNED at Houston, Texas, on this 22nd day of June, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-15-